UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2018-2
NOVEMBER 20, 2018 SESSION

FILED
NOV 21 2018
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:18-cr-00151
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 856(a)(1)
18 U.S.C. § 1956(a)(2)(B)(i)

MUHAMMED SAMER NASHER-ALNEAM, M.D.

**S E C O N D**
**S U P E R S E D I N G**
**I N D I C T M E N T**

The Grand Jury Charges:

## BACKGROUND

At all times material to this Second Superseding Indictment:

1. Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., was a medical doctor licensed to practice medicine in the State of West Virginia.

2. Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., had an active Drug Enforcement Administration (DEA) registration number that allowed him to prescribe controlled substances, including Schedule II, III, IV and V controlled substances for legitimate medical purposes in the usual course of his professional medical practice and within the bounds of medical practice.

3. From at least in or about July 2013 through in or about February 2015, Defendant NASHER's medical practice, "Neurology & Pain Center, PLLC" was located at 401 Division Street, Suite 202, in South Charleston, Kanawha County, West Virginia, within the Southern

District of West Virginia. From in or about March 2015 through in or about February 2018, Defendant NASHER's medical practice was located at 4501 MacCorkle Avenue SE, Suite A, in Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia. Defendant NASHER leased the office spaces described above, and was the only practicing physician at Neurology & Pain Center, PLLC.

4. Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., had an active Drug Enforcement Administration (DEA) registration number that allowed him to prescribe controlled substances, including Schedule II, III, IV and V controlled substances for legitimate medical purposes in the usual course of his professional medical practice and within the bounds of medical practice.

5. From in or about July 2013 through February 2018, Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., accepted several forms of payment, including cash, and private and public insurance, at Neurology & Pain Center, PLLC. In many instances, the payments were for distributing prescriptions for controlled substances and were deposited into Branch Banking & Trust Account No. XXXXXX5821 held in the name of Neurology & Pain Center, PLLC.

## COUNTS ONE THROUGH FOURTEEN
### (Illegal Drug Distributions)

6. On or about the dates set forth below, at or near the locations described below, in Kanawha County, West Virginia, within the Southern District of West Virginia, Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., knowingly and intentionally distributed a quantity of a controlled substance, as identified in the chart below, not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice:

2

| COUNT | PATIENT INITIALS | DATE PRESCRIPTION ISSUED | LOCATION | CONTROLLED SUBSTANCE AND SCHEDULE |
|---|---|---|---|---|
| 1 | M.E. | 7/29/13 | South Charleston | Hydrocodone, Schedule III |
| 2 | M.E. | 8/20/13 | South Charleston | Hydrocodone, Schedule III |
| 3 | M.E. | 9/26/13 | South Charleston | Hydrocodone, Schedule III |
| 4 | M.E. | 10/22/13 | South Charleston | Oxycodone, Schedule II |
| 5 | B.N. | 7/15/14 | South Charleston | Methadone, Schedule II |
| 6 | C.G. | 1/21/15 | South Charleston | Fentanyl, Schedule II, and Hydromorphone, Schedule II |
| 7 | C.G. | 4/28/15 | Charleston | Hydromorphone, Schedule II |
| 8 | R.C. | 3/25/16 | Charleston | Oxycodone, Schedule II |
| 9 | R.C. | 4/26/16 | Charleston | Oxycodone, Schedule II |
| 10 | J.S. | 9/2/16 | Charleston | Oxycodone, Schedule II |
| 11 | J.G.S. | 10/14/16 | Charleston | Oxycodone, Schedule II |
| 12 | O.S. | 11/9/16 | Charleston | Oxycodone, Schedule II |
| 13 | F.S. | 3/28/17 | Charleston | Oxycodone, Schedule II |

| 14 | J.E. | 7/6/17 | Charleston | Methadone, Schedule II |

All in violation of Title 21, United States Code, Section 841(a)(1).

# COUNT FIFTEEN
## (Distribution Causing Death)

1. The Grand Jury realleges and incorporates by reference paragraphs one through five of this Second Superseding Indictment as though fully set forth herein.

2. On or about September 9, 2014, at or near South Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., knowingly and intentionally distributed a quantity of oxycodone, a Schedule II controlled substance, not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice, which distribution resulted in the death of patient S.S. from the subsequent use of the prescribed oxycodone.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT SIXTEEN
### (Distribution Causing Death)

3. The Grand Jury realleges and incorporates by reference paragraphs one through five of this Second Superseding Indictment as though fully set forth herein.

4. On or about February 3, 2015, and on or about February, 24, 2015, at or near South Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., knowingly and intentionally distributed a quantity of oxycodone and oxymorphone, both Schedule II controlled substances, not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice, which distribution resulted in the death of patient A.J. from the subsequent use of the prescribed oxycodone and oxymorphone.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

# COUNT SEVENTEEN
## (Maintaining a Drug Involved Premises)

5.  The Grand Jury realleges and incorporates by reference paragraphs one through five and Counts One through Sixteen of this Second Superseding Indictment as though fully set forth herein.

6.  From in or about July 2013 through in or about February 2015, in South Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., knowingly and intentionally opened, leased, rented, used, and maintained office space at 401 Division Street, Suite 202, South Charleston, West Virginia, for the purpose of illegally distributing Schedule II and III controlled substances, including hydrocodone, oxycodone, oxymorphone, morphine and methadone, not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice.

In violation of Title 21, United States Code, Section 856(a)(1).

# COUNT EIGHTEEN
## (Maintaining a Drug Involved Premises)

1. The Grand Jury realleges and incorporates by reference paragraphs one through five and Counts One through Sixteen of this Second Superseding Indictment as though fully set forth herein.

2. From in or about March 2015 through in or about February 2018, in Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., knowingly and intentionally opened, leased, rented, used, and maintained office space at 4501 MacCorkle Avenue SE, Suite A, Charleston, West Virginia, for the purpose of illegally distributing Schedule II controlled substances, including oxycodone, not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice.

In violation of Title 21, United States Code, Section 856(a)(1).

# COUNTS NINETEEN THROUGH TWENTY-TWO
## (International Money Laundering)

1. The Grand Jury realleges and incorporates by reference paragraphs one through five and Counts One through Eighteen of this Second Superseding Indictment as though fully set forth herein.

2. On or about the dates set forth below, at or near the locations described below in Kanawha County, West Virginia, within the Southern District of West Virginia, and elsewhere, Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., knowingly transferred funds from a place in the United States to and through a place outside the United States, knowing that the funds involved in the transfer represented the proceeds of some form of unlawful activity and in fact involved the proceeds of specified unlawful activity, that is, knowingly and intentionally distributing Schedule II and III controlled substances, not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice in violation of 21 U.S.C. § 841(a)(1).

3. At the time the financial transactions described below occurred, Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., knew the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

4. The transfer of funds in the financial transactions described below were the wire transfers of the amounts set forth below from a bank account in the United States, to a place outside the United States, as described below, each of which constitutes a separate count of this Second Superseding Indictment:

| COUNT | DATE | AMOUNT | LOCATION OF TRANSACTION | DESTINATION OF TRANSFER |
|---|---|---|---|---|
| 19 | 8/13/14 | $120,000 | South Charleston | Istanbul, Turkey |
| 20 | 11/12/14 | $50,000 | South Charleston | Istanbul, Turkey |
| 21 | 11/12/14 | $60,000 | South Charleston | Istanbul, Turkey |
| 22 | 2/2/17 | $59,000 | Charleston | Istanbul, Turkey |

All in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## NOTICE OF FORFEITURE

1. The allegations contained in Counts One through Eighteen of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a).

2. In accordance with 21 U.S.C. § 853(a) and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon the conviction of Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D., of a violation of 21 U.S.C. §§ 801 et seq., Defendant NASHER shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. The sum of $149,480.75, more or less, in United States currency constituting the balance of Account No. XXXXXX5821 in Branch Banking & Trust at the time of its seizure on or about February 22, 2018 (CATS ID No. 18-DEA-639659); and

   b. The 2014 Acura RDX Sport Utility Vehicle, Vehicle ID Number 5J8TB4H32EL002708, seized on or about February 22, 2018 (CATS ID No. 18-DEA-639135).

3. In accordance with 18 U.S.C. § 982(a) and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon the conviction of Defendant MUHAMMED SAMER NASHER-ALNEAM, M.D. of a violation of 18 U.S.C. § 1956(a)(2)(B)(i), as set forth in Counts Nineteen through Twenty-Two of this Second Superseding Indictment, Defendant NASHER shall forfeit to the United States any property, real or personal, involved in the said offenses and any property traceable to property involved in the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. A money judgment in the amount of $289,000 which amount represents the gross proceeds involved in or traceable to property involved in the offenses set

11

forth in Counts Nineteen through Twenty-Two of this Second Superseding Indictment.

4. If any of the property described above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

MICHAEL B. STUART
United States Attorney

By: *[signature] on behalf of C. Haley Bunn*
C. HALEY BUNN
Assistant United States Attorney