IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:18-cr-00151

MUHAMMED SAMER NASHER-
ALNEAM, M.D.

**MEMORANDUM OPINION AND ORDER**

On January 30, 2019, the defendant, Muhammed Samer Nasher-Alneam, M.D., appeared in person and by counsel, Michael Hissam and Isaac Forman and the United States appeared by C. Haley Bunn and Jennifer Rada Herrald, Assistant United States Attorneys, for a pre-trial motions hearing in the above criminal matter.

Pending before the court is the defendant's Motion in Limine Concerning Expert Testimony. ECF No. 68. For the reasons that follow, the defendant's motion is **DENIED**.

In this motion, the defendant requests the entry of an Order limiting the scope of expert testimony, by both sides, to Dr. Nasher's compliance with applicable and identifiable standards of care. Id. The defendant seeks to exclude expert witness evidence of whether any prescription was issued "not for legitimate purposes in the usual course of medical practice," or "beyond the bounds of medicine." Id. The defendant's primary argument in support of its motion is that such testimony would amount to improper opinion evidence that states a legal standard

or draws a legal conclusion by applying law to the facts.  See id.  As previously mentioned, the defendant concedes that expert witness testimony that opines on a physician's compliance with the applicable standards of care should be admissible.  Id.

In response, the government argues that the experts disclosed by the government should be permitted to opine as to whether the defendant prescribed controlled substances not for legitimate medical purposes and outside the bounds of medical practice.  ECF No. 74.  The government argues the experts should be permitted to testify regarding the "red flags" in prescribing controlled substances, as well as objective standards or good faith in prescribing, citing in support United States v. Alerre, 430 F.3d 681, 686 (4th Cir. 2005), and United States v. Hurwitz, 459 F.3d 463, 479-80 (4th Cir. 2006).  Furthermore, citing in support United States v. McIver, 470 F.3d 550, 562 (4th Cir. 2006), the government argues that such testimony does not constitute "ultimate issue" testimony.  The government explains that "[w]hile standards of care are relevant to whether a physician illegally prescribed controlled substances, they are not the only issue to be considered by the jury."  The government cites to Alerre, 430 F.3d at 686, which stands for the proposition that evidence of a physician departing from "accepted professional standards" is relevant evidence in criminal prosecution.  The government also cites to United

2

States v. Tran Trong Cuong, 18 F.3d 1132, 1137-38 (4th Cir. 1994), which stands for the proposition that a criminal prosecution for illegal distribution by a physician requires more than violation of civil standard of care.

Turning to the court's analysis, Federal Rule of Evidence 702 allows an expert to testify as to his or her opinions when: (1) it is based on sufficient facts or date; (2) it is the product of reliable principles and methods; and (3) the witness has reliably applied the principles and methods to the facts of the case. Rule 704(a) allows the admission of expert testimony that embraces an ultimate issue to be decided by the trier of fact. Fed. R. Evid. 704(a). In other words, questions of fact that are committed to resolution by the jury are the proper subject of opinion testimony. Id. "However, opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." McIver, 470 F.3d at 561-62 (citing United States v. Barile, 286 F.3d 749, 760 (4th Cir. 2002); Okland Oil Co. v. Conoco, Inc., 144 F.3d 1308, 1328 (10th Cir. 1998)). "We identify improper legal conclusions by determining whether "the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular." McIver, 470 F.3d at 562.

In support of its response in opposition, the government cites to United States v. Boccone, 556 F.App'x. 215 (4th Cir. 2014), where the defendants' underlying charges included conspiracy to distribute controlled substances, under 21 U.S.C. § 846, and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Boccone court pointed out that "[i]n order to convict a licensed medical provider of unlawful distribution of controlled substances, the government must prove the provider's "'actions were not for legitimate medical purposes in the usual course of his professional medical practice or [were] beyond the bounds of medical practice.'" Id. at 225 ((citing United States v. Singh, 54 F.3d 1182, 1187 (4th Cir. 1995)(quoting Tran Trong Cuong, 18 F.3d at 1141. Based upon this burden of proof, the Bocconoe court concluded that "expert testimony regarding whether treatment in [a] case was beyond the bounds of medical practice is relevant to the counts of conviction against [the defendants]." Id. Furthermore, the Bocconoe court held that:

> [The Fourth Circuit] has observed that "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." Nevertheless, an expert may testify that treatment was "outside the bounds of ... professional medical practice," or that "treatment of certain patients was either illegitimate or inappropriate." Such language "falls within the limited vernacular that is available to express whether a doctor acted outside the bounds of his professional practice."

Boccone, 556 F. App'x at 226 (emphasis added) (citing McIver, 470 F.3d at 562) (internal citations omitted).

The court finds that the government's cited case law in their response in opposition is controlling and that the expert witnesses may opine whether the defendant's treatment was outside the bounds of professional medical practice, or that treatment of certain patients was either illegitimate or inappropriate. See Boccone, 556 F. App'x 215. Therefore, the defendant's Motion in Limine Concerning Expert Testimony is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 4th day of March, 2019.

**ENTER:**

David A. Faber
Senior United States District Judge