IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                            CRIMINAL NO. 2:18-cr-00151

MUHAMMED SAMER NASHER-
ALNEAM, M.D.

**MEMORANDUM OPINION AND ORDER**

On January 30, 2019, the defendant, Muhammed Samer Nasher-Alneam, M.D., appeared in person and by counsel, Michael Hissam and Isaac Forman and the United States appeared by C. Haley Bunn and Jennifer Rada Herrald, Assistant United States Attorneys, for a pre-trial motions hearing in the above criminal matter.

Before the court is the government's Motion in Limine to Preclude Arguments and Evidence Regarding Potential Penalties (ECF No. 67) and the government's Motion to Exclude Evidence of Non-Criminal Conduct (ECF NO. 69). For the reasons that follow, the court **GRANTS** the government's Motion in Limine to Preclude Arguments and Evidence Regarding Potential Penalties (ECF No. 67) and **GRANTS**, in part, and **DENIES**, in part, the government's Motion to Exclude Evidence of Non-Criminal Conduct (ECF NO. 69).

I. Government's Motion in Limine to Preclude Arguments and Evidence Regarding Potential Penalties

In its motion, the government seeks to prevent the defendant from introducing evidence or arguments relating to the potential penalties the defendant faces if convicted of the

crimes charged in the Second Superseding Indictment. {ECF No. 67). In support of its motion, the government argues that sentencing considerations are irrelevant to the jury's determination of a defendant's guilt or innocence.[1] Additionally, the government argues that it would be improper for defendant to suggest that the jury should acquit him based on the significant sentences he faces even if it finds the evidence sufficient to prove guilt beyond a reasonable doubt.

For the reasons placed upon the record at the hearing, and because arguments and evidence regarding the defendant's potential penalties are irrelevant and would likely improperly influence the jury, the court **GRANTS** the government's motion.

II. Government's Motion to Exclude Evidence of Non-Criminal Conduct

For the reasons stated below, the court **GRANTS, in part, and DENIES, in part**, the government's Motion to Exclude Evidence of Non-Criminal Conduct. (ECF No. 69).

The government seeks the court to exclude from the trial of this matter evidence regarding purportedly lawful medicine practiced by the defendant. (ECF No. 69). Specifically, the government seeks to preclude the defendant from introducing any

---

[1] In support of its argument, the government cites to Fed. R. Evid. 401 and Rogers v. United States, 422 U.S. 35, 40 (1975) (explaining that a jury should reach its verdict without regard to the sentence that might be imposed).

evidence concerning his "interactions with patients other than those who are the subject of the distributions charged in the Second Superseding Indictment." (ECF No. 69, p. 6). The government argues that such evidence is irrelevant, risks juror confusion, and would be offered merely to seek jury nullification on the crimes charged. (ECF No. 69). The government further argues that allowing evidence of the defendant's otherwise lawful medical practice would amount to evidence of specific acts used to show his good character and would be prohibited under Rule 405 of the Federal Rules of Evidence.

In response, the defendant argues that evidence of Dr. Nasher's lawful medical practice is relevant to disproving the charges that he maintained his medical offices as premises for the purposes of illegal drug distribution and that he laundered the proceeds of criminal conduct. (ECF No. 75, p. 4).

The defendant explains both in his response memorandum and during the hearing that evidence of the defendant's lawful medical practice would include evidence that Dr. Nasher obtained a specialized license through the state of West Virginia for operating chronic pain management facilities, which requires annual audits. Id. The defendant also explains the he would offer evidence such as Dr. Nasher's compliance with standards developed by a nationally recognized clinical or professional

3

association or government sponsored agency.  Id.  The defendant poses that while compliance with standards such as the Management of Pain Act is not controlling in this forum, the applicable legal framework is relevant in assessing Dr. Nasher's good faith in the operation of his practice and in issuing the prescriptions identified in the Second Superseding Indictment.

The Fourth Circuit recognizes that a physician's good faith is relevant to a jury's determination of whether the doctor acted outside the bounds of medical practice or without a legitimate medical purpose when prescribing narcotics, for purposes of the offense of distributing a controlled substance. See U.S. v. Hurwitz, 459 F.3d 463 (2006) (explaining that courts have consistently concluded that it is proper to instruct juries that a doctor should not be held criminally liable if the doctor acted in good faith when treating his patients).  The good faith instruction reflects an objective standard for determining whether the defendant acted in good faith.  Id. at 478 (citing U.S. v. Hayes, 794 F.2d 1348, 1351 (9th Cir. 1986) (holding that, in the context of a charge under 21 U.S.C. §841(a)(1), "[g]ood faith is not merely a doctor's sincere intention towards the people who come to see him, but, rather, it involves his sincerity in attempting to conduct himself in accordance with a standard of medical practices generally recognized and accepted in the country.")).

Therefore, the court finds that evidence of the defendant's lawful medical practice is relevant and admissible insofar as it is offered for the purpose of demonstrating the defendant's good faith—i.e., his sincerity in attempting to conduct himself in accordance with a standard of medical practices generally recognized and accepted in the country—in providing medical care to the patients subject to the charged offenses.

Evidence of the defendant's "lawful medical practice" will be limited to interactions with patients who are the subject of the distributions charged in the Second Superseding Indictment. Otherwise, evidence offered to show good faith in the treatment of patients not subject to the charged offenses is irrelevant and improper character evidence, and thus, inadmissible. See Fed. R. Evid. 401, 405. The government's motion is therefore **GRANTED, in part, and DENIED, in part.**

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 6th day of March, 2019.

       **ENTER:**

       *David A. Faber*
       David A. Faber
       Senior United States District Judge