IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

v.                                                                                    No. 2:18-cr-00151

**MUHAMMED SAMER NASHER-ALNEAM,
M.D.,**

**Defendant.**

### Defendant's Trial Brief
### Regarding "Specific Patients" Evidence

Without first raising it outside the presence of the jury, the Government is attempting to circumvent this Court's clear ruling – made before *voir dire,* opening statements, and the introduction of substantial evidence at trial – that the evidence in this case would be limited to "**specific patients**," as opposed to generalized evidence of Dr. Nasher's *entire* medical practice, untethered to specific patients or their medical records.

1. Now that the "specific patient" evidence has not come in at trial favorable to the Government, the United States has abruptly shifted course, and is attempting to introduce the testimony of certain former members of Dr. Nasher's staff to talk about "general practices," without any reference to specific patient names or their medical records.

2. In doing so, the Government is attempting to have this Court reverse itself, midtrial, without even first raising it with the Court. If it had an issue with the Court's pretrial ruling, the Government should have briefed this issue at the earliest opportunity – and certainly before the middle of the third day of trial.

3. To change such a significant pretrial ruling at a mid-trial sidebar is fundamentally unfair to Dr. Nasher violate due process and risks substantial prejudice to him. It is impossible to

redo opening statements. It would also be substantially unfair to change course after *seven* Government witnesses have testified and numerous exhibits have been received into evidence.

      4.      As the Court has noted on the record, the Court's pretrial ruling is entirely consistent with *United States v. Robinson*, 255 F.Supp.3d 199, 204 (D.D.C. 2017) ("[T]he government may not simply present evidence that other prescriptions were made without any evidence that they were unlawful."). *Robinson*, 255 F. Supp.3d at 205; *see also id.* at 205-06 ("The Court finds that the probative value of evidence regarding Defendant's practice as a whole [some 1,800 patients] is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

      5.      Nor is the Government correct that the premises or money laundering count regarding a midtrial reversal of this Court's ruling. Even in those circumstances where other charges are present in the indictment, the focal point of a physician distribution case is the distribution. With respect to money laundering, *Robinson* only permitted the government to present evidence regarding specific prescriptions that had been sold for cash. *See id.* at 205–06.

      6.      This trial has been equally focused on specific drug distribution. And in such circumstances:

> evidence that Defendant was engaging in the sale of illegal prescriptions with regard to Defendant's entire practice, or hundreds of patients, does not appear to be necessary to prove this claim. *See United States v. Moore*, 27 F.3d 969, 976 (4th Cir. 1994) (holding that to satisfy its burden under section 1957, the government is not required to prove "that the funds used in the transaction were exclusively derived from the specified unlawful activity."). In addition to not being strictly necessary, … there is a danger that the jury would be confused or misuse this evidence as improperly excessive, overshadowing "other crimes" evidence that the Court has already found inappropriate above.

*Id.*

7.	The Court's pretrial ruling is also consistent with Judge Berger's pretrial rulings in the *Kostensko* case. In *Kostenko*, the Court specifically noted that the government wanted this evidence to show "red flag evidence supporting a finding that a doctor is acting outside the bounds of medicine." No. 5:16-CR-00221, 2-17 WL 1395500, at *2 (S.D.W.Va. Apr. 17, 2017). This is the exact thing the Government is attempting to do in this case — to point to "red flag" evidence regarding to support a jury finding regarding Dr. Nasher's *entire practice*.

8.	Contrary to the Government's assertions at sidebar, the Fourth Circuit's decision in *United States v. Boccone* contains no discussion of the admission of "red flag" evidence unrelated to specific patients. Quite the contrary, the *Boccone* Court's discussion of "red flags" centers on the testimony of an expert, Dr. Hamill-Ruth, whose testimony was based upon her "*review of certain patient records*," including those identified in the indictment. 556 F. App'x 215, 223 (4th Cir. 2014) (emphasis added).[1]

9.	This case is also directly on par with the Eighth Circuit's decision in *Jones*, where the case was overturned because the government focused too much on uncharged patients. *United States v. Jones,* 570 F.2d 765 (8th Cir. 1978) (overturning case because "the Government spent more time in its case-in-chief dealing with alleged wrongful conduct not covered by the indictment than it spent dealing with the incidents for which Dr. Jones was charged").

*****

Accordingly, Dr. Nasher requests that this Court follow its own ruling at the beginning of

---

[1] The Government cannot possibly argue that the unpublished panel opinion in *Boccone* has any effect on the holding in Tran Trong Cuong.  See United States v. Williams, 808 F.3d 253, 261 (4th Cir. 2015) (King, J.) ("In this circuit, we are bound by 'the basic principle that one panel cannot overrule a decision issued by another panel.' *McMellon v. United States*, 387 F.3d 329, 332 (4th Cir.2004) (en banc). When panel opinions conflict, we are obliged to apply the 'earliest-case-governs' rule and adhere to 'the earlier of the conflicting opinions.'").

3

the trial and limit the Government's proof to specific patients.

                                                Dr. Samer Nasher,
                                                By Counsel.

                                                /s/ Michael B. Hissam
                                                Michael B. Hissam (WVSB #11526)
                                                Isaac R. Forman (WVSB #11668)
                                                Katherine B. Capito (WVSB #11633)
                                                Hissam Forman Donovan Ritchie PLLC
                                                P.O. Box 3983
                                                Charleston, WV 25339
                                                (681) 265-3802 *office*
                                                (304) 982-8056 *fax*
                                                mhissam@hfdrlaw.com
                                                iforman@hfdrlaw.com
                                                kcapito@hfdrlaw.com