IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:18-cr-00151

MUHAMMED SAMER NASHER-
ALNEAM, M.D.


## MEMORANDUM OPINION AND ORDER

Pending before the court is the United States' Motion for Permission to Communicate with Juror. (ECF NO. 206). In its motion, the government explained that on May 20, 2019, a juror contacted Assistant United States Attorney C. Haley Bunn and indicated a desire to talk to her about the case. Id. According to the government, AUSA Bunn did not discuss the case with the juror, but told the juror she would request permission from this court to do so. Id.[1]

In reply, the defendant did not object to the government's motion. However, the defendant sought the opportunity to speak with the juror as well or, in the alternative, to be included in any communications between the government and the juror identified in the motion. (See ECF No. 213).

Local Rule of Criminal Procedure 33.1, Contact with Jurors, provides:

---

[1] The juror also reached out to an employee of the Clerk's office on more than one occasion regarding his or her desire to talk to AUSA Bunn.

> After conclusion of a trial, no party, nor his or her agent or attorney, shall communicate or attempt to communicate with any member of the jury, including alternate jurors who were dismissed prior to deliberations, about the jury's deliberations or verdict without first applying for (with notice to all other parties) and obtaining, for good cause, an order allowing such communication.

L.R. Crim. P. 33.1.

As the United States Supreme Court has recently explained, local rules that place limitations on juror communication "seek to provide jurors some protection when they return to their daily affairs after the verdict has been entered." Pena-Rodriguez v. Colorado, 137 S. Ct. 855, 869 (2017). Furthermore, the Supreme Court recognized that "while a juror can always tell counsel they do not wish to discuss the case, jurors in some instances may come forward of their own accord." Id.

Here, the court finds that because the juror independently sought to speak with the government, any concerns regarding harassment or embarrassment of the juror are minimal. Therefore, because the juror has repeatedly attempted to speak with the government, the court finds that there is good cause for allowing such communication. Accordingly, the government's Motion for Permission to Communicate with Juror is **GRANTED** (ECF NO. 206), subject to the limitations of Federal Rule of Evidence 606(b).

Regarding the defendant's request to communicate with the identified juror, the court has not been made aware of any attempt by the identified juror to speak with defense counsel. The court finds that the option to speak with defense counsel should remain with the identified juror. Thus, if the juror chooses to speak with defense counsel, the court will allow that. However, if the juror does not wish to speak with defense counsel, then defense counsel will not be permitted to communicate with him or her. The court directs the government to provide a copy of this Order to the identified juror so he or she may be made aware of the court's ruling and the defense counsel's request.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

**IT IS SO ORDERED** this 17th day of June, 2019

**ORDER:**

_David A. Faber_
David A. Faber
Senior United States District Judge