


**United States Department of Justice**

United States Attorney
Southern District of West Virginia

---

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

August 7, 2019

Michael Hissam
Isaac Forman
Hissam Forman Donovan Ritchie PLLC
707 Virginia Street East, Suite 260
Charleston, WV 25301

    Re: United States v. Muhammed Samer Nasher-Alneam, M.D.
         Criminal No. 2:18-cr-00151 (USDC SDWV)

Dear Sirs:

    This will confirm our conversations with regard to your client, Muhammed Samer Nasher-Alneam, M.D. (hereinafter "Dr. Nasher"). As a result of these conversations, it is agreed by and between the United States and Dr. Nasher as follows:

    1. **PENDING CHARGES.** Dr. Nasher is charged in a forty-three-count third superseding indictment as follows:

        (a) Counts One through Eleven and Fifteen through Twenty-Four charge Dr. Nasher with violations of 18 U.S.C. §§ 1347 and 2 (health care fraud);

        (b) Counts Twelve through Fourteen charge Dr. Nasher with violations of 18 U.S.C. §§ 1347 and 2 (health care fraud causing death);

        (c) Counts Twenty-Five through Thirty-Eight charge Dr. Nasher with violations of 21 U.S.C. § 841(a)(1) (illegal distribution of controlled substances);

        (d) Counts Thirty-Nine through Forty-One charge Dr. Nasher

 

_S. N_
Defendant's
Initials

Michael Hissam
Isaac Forman
August 7, 2019        Re: Muhammed Samer Nasher-Alneam, M.D.
Page 2

        with violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (illegal distribution of controlled substances causing death); and

(e)    Counts Forty-Two and Forty-Three charge Dr. Nasher with violations of 21 U.S.C. § 856(a)(1) (maintaining a drug involved premises).

    2.   **RESOLUTION OF CHARGES.** Dr. Nasher will plead guilty to Count 25 of said third superseding indictment, which charges him with a violation of 21 U.S.C. § 841(a)(1) (illegal distribution of a controlled substance). Following final disposition, the United States will move the Court to dismiss Counts One through Twenty-Four and Twenty-Six through Forty-Three in Criminal No. 2:18-cr-00151 as to Dr. Nasher, and will move the Fourth Circuit of Appeals to dismiss the interlocutory appeal in Case No. 19-4527 as to Dr. Nasher.

    3.   **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Dr. Nasher will be exposed by virtue of this guilty plea is as follows:

(a)    Imprisonment for a period of up to 20 years; [1]

(b)    A fine of $1 million, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)    A term of supervised release of at least 3 years;

(d)    A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013;

(e)    An order of restitution pursuant to 18 U.S.C. §§ 3663

---

[1] If the Court accepts the plea agreement the maximum is imprisonment of 120 months, as set forth in Paragraph 13 below.



Defendant's Initials

Michael Hissam
Isaac Forman
August 7, 2019          Re: Muhammed Samer Nasher-Alneam, M.D.
Page 3

         and 3664, or as otherwise set forth in this plea agreement; and

(f)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Dr. Nasher for a period of 5 years.

     4.    **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Dr. Nasher will tender a check or money order to the Clerk of the United States District Court for $100.00, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Dr. Nasher will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Dr. Nasher fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Dr. Nasher.

     5.    **FORFEITURE.** Notwithstanding the offense of conviction, Dr. Nasher hereby agrees as follows:

(a)    That the United States can establish by a preponderance of the evidence the controlled substance offenses charged in the Third Superseding Indictment for purposes of supporting a criminal and/or civil forfeiture proceeding against him;

(b)    To forfeit to the United States any and all property in Dr. Nasher's possession or under his control which constitutes proceeds of or facilitated the distribution of controlled substances including, but not limited to, $149,480.75 in United States Currency which was seized on or about February 22, 2018, from Branch Banking &

                                                                                      S.N
                                                          Defendant's
                                                          Initials

Michael Hissam
Isaac Forman
August 7, 2019        Re: Muhammed Samer Nasher-Alneam, M.D.
Page 4

        Trust account number ******5821, held in the name of Neurology & Pain Center, PLLC, and a 2014 Acura RDX Sport Utility Vehicle, Vehicle ID Number 5J8TB4H32EL002708, seized on or about February 22, 2018.

(c) To assist the United States and its agents in identifying all such property, regardless of its location and the manner in which it is titled. Any such identified property deemed forfeitable by the United States will then be forfeited pursuant to 21 U.S.C. §§ 881(a) or 853(a), in either an administrative or judicial forfeiture action;

(d) To fully complete and execute, under oath, a Financial Affidavit in a form supplied by the United States and to return to counsel for the United States the completed Affidavit within seven calendar days from the date of signing this plea agreement;

(e) To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

(f) To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in <u>United States v. Alexander</u>, 509 U.S. 544 (1993); <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998); <u>United States v. Austin</u>, 509 U.S. 602 (1993); and their progeny.

      6. **PAYMENT OF MONETARY PENALTIES**. Dr. Nasher authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for

                                                                                *S. N*
                                                                         Defendant's
                                                                         Initials

Michael Hissam
Isaac Forman
August 7, 2019          Re: Muhammed Samer Nasher-Alneam, M.D.
Page 5


sentencing purposes. Dr. Nasher agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Dr. Nasher further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Dr. Nasher authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Dr. Nasher shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Dr. Nasher agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

     7.     **SURRENDER OF REGISTRATION.**    Dr. Nasher agrees:

    (a)    To surrender his Drug Enforcement Administration Certificate of Registration (DEA Form 223);

 

                                                    *S-N*
                                             _____
                                                 Defendant's
                                                      Initials

Michael Hissam
Isaac Forman
August 7, 2019         Re: Muhammed Samer Nasher-Alneam, M.D.
Page 6

    (b)    Not to oppose revocation of his registration to dispense controlled substances pursuant to 21 U.S.C. § 824(a) and 21 C.F.R. § 1301.45 on any ground, including on the ground that he has:

        i.    been convicted of a felony relating to a controlled substance; and

        ii.    committed such acts as would render his registration under 21 U.S.C. § 823 inconsistent with the public interest as determined under that section.

    8.    **SURRENDER OF MEDICAL LICENSE.** Dr. Nasher hereby agrees to surrender and abandon to the United States his license to practice as a medical doctor, West Virginia license number 21191. Dr. Nasher agrees to permanently surrender the license and to never seek reinstatement of said license or a license to practice as a medical doctor in any other state. Dr. Nasher further agrees that, prior to sentencing in this case, he will provide this executed agreement to the West Virginia Board of Medicine and to voluntarily enter into a consent order with the West Virginia Board of Medicine which permanently revokes his license to practice as a medical doctor.

    9.    **COOPERATION.** Dr. Nasher will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Dr. Nasher may have counsel present except when appearing before a grand jury. Further, Dr. Nasher agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

    10.    **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Dr. Nasher, and except as



Defendant's Initials

Michael Hissam
Isaac Forman
August 7, 2019           Re: Muhammed Samer Nasher-Alneam, M.D.
Page 7

expressly provided for in paragraph 12 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

       11. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Dr. Nasher for any violations of federal or state laws. The United States reserves the right to prosecute Dr. Nasher for perjury or false statement if such a situation should occur pursuant to this agreement.

       12. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Dr. Nasher stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

       Dr. Nasher agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Dr. Nasher or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Dr. Nasher knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot



Defendant's Initials

Michael Hissam
Isaac Forman
August 7, 2019            Re: Muhammed Samer Nasher-Alneam, M.D.
Page 8

be used by the United States.

The United States and Dr. Nasher understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

13. **RULE 11(c)(1)(C) AGREEMENT.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and Dr. Nasher agree that a sentence of imprisonment of at least 60 months in prison and no more than 120 months in prison is the appropriate disposition of this case. Dr. Nasher understands that this agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) is not binding on the District Court unless and until the District Court accepts this plea agreement. If the Court refuses to accept this plea agreement, Dr. Nasher has the right to void this agreement and may withdraw his guilty plea.

Notwithstanding the agreement of the parties regarding the appropriate disposition of this case, the parties agree that at the sentencing hearing, the United States can establish by a preponderance of evidence that all of the controlled substance distributions alleged in the third superseding indictment (Counts Twenty-Five through Thirty-Eight) were not for legitimate medical purposes and were beyond the bounds of professional medical practice.

14. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Dr. Nasher and the United States both knowingly and voluntarily waives the right to seek appellate review of the conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that both parties may appeal a sentence of imprisonment that deviates from the sentencing range agreed upon pursuant to Fed. R. Crim. P. 11(c)(1)(C) as set forth in

                                                  *S.N*
                                   _____
                                         Defendant's
                                            Initials

Michael Hissam
Isaac Forman
August 7, 2019              Re: Muhammed Samer Nasher-Alneam, M.D.
Page 9


Paragraph 13 above. Dr. Nasher also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 21 U.S.C. § 841(a)(1) is unconstitutional, and (2) Dr. Nasher's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 21 U.S.C. § 841(a)(1).

Dr. Nasher also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

15. **WAIVER OF FOIA AND PRIVACY RIGHT.** Dr. Nasher knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

16. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence, except as set forth in Paragraph 13 above. The United States reserves the right to:

    (a)   Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);


Defendant's Initials

    (c)    Respond to questions raised by the Court;

    (d)    Correct inaccuracies or inadequacies in the presentence report;

    (e)    Respond to statements made to the Court by or on behalf of Dr. Nasher;

    (f)    Advise the Court concerning the nature and extent of Dr. Nasher's cooperation; and

    (g)    Address the Court regarding the issue of Dr. Nasher's acceptance of responsibility.

17. **VOIDING OF AGREEMENT.** If either the United States or Dr. Nasher violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

18. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Dr. Nasher in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Dr. Nasher in any Court other than the United States District Court for the Southern District of West Virginia.

*S.N*
_____
Defendant's
Initials

Michael Hissam
Isaac Forman
August 7, 2019            Re: Muhammed Samer Nasher-Alneam, M.D.
Page 11

Acknowledged and agreed to on behalf of the United States:

                    MICHAEL B. STUART
                    United States Attorney

By: *[signature]*
      ALAN G. McGONIGAL
      Assistant United States Attorney

 

*S. N*
_____
Defendant's
Initials

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 11-page agreement that I have read and carefully discussed every part of it with my attorneys, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorneys have advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorneys in this matter.

_Samer nasher_  08-11-19
Muhammed Samer Nasher-Alneam, M.D.       Date Signed
Defendant

_Mike Hissam by [signature]_  8-12-19
Michael Hissam       Date Signed
Counsel for Defendant

_[signature]_  8-12-19
Isaac Forman       Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                                CRIMINAL NO. 2:18-cr-00151

MUHAMMED SAMER NASHER-ALNEAM, M.D.

## STIPULATION OF FACTS

The United States and Muhammed Samer Nasher-Alneam, M.D. (hereinafter "defendant or I") stipulate and agree that the facts comprising the offense of conviction (Count 25 in the Third Superseding Indictment in the Southern District of West Virginia, Criminal No. 2:19-cr-00151) include the following: [1]

### Background

The following information applies to the period from July 2013 through February 2018. I am a medical doctor licensed to practice medicine within the State of West Virginia. I also hold a Drug Enforcement Administration (DEA) registration number that allows me to prescribe controlled substances, including Schedule II controlled substances, for legitimate medical purposes and within the bounds of a professional medical practice. I understand that as part of prescribing for legitimate medical purposes and within the bounds of a professional medical practice I am required to maintain appropriate medical documentation, as part of a patient's medical record, supporting and justifying the prescribing of Schedule II controlled substances. My medical

---

[1] This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charge set forth in Count 25 in the Third Superseding Indictment.

**PLEA AGREEMENT EXHIBIT A**

1

practice, "Neurology & Pain Center, PLLC" has been located at 4501 MacCorkle Avenue SE, Suite A, Charleston, Kanawha County, within the Southern District of West Virginia since approximately March 2015. Prior to March 2015, my practice was located at 401 Division Street, South Charleston, Kanawha County, within the Southern District of West Virginia. No other physicians have practiced at Neurology & Pain Center during the relevant time.

## Factual Basis for the Plea

On or about July 15, 2014, at or near South Charleston, Kanawha County, West Virginia, I provided a prescription to patient B.N., for 90 10 mg methadone pills, a Schedule II controlled substance. I did not maintain any medical record for patient B.N. nor did I document any justification as to the legitimate medical purpose for distributing the controlled substance. For these reasons, this distribution was not within the bounds of professional medical practice or for a legitimate medical purpose.

On or about July 23, 2014, at or near South Charleston, Kanawha County, West Virginia, I provided a second prescription to patient B.N., this time for 120 30 mg oxycodone pills, a Schedule II controlled substance. Again, I did not maintain any medical record for patient B.N. nor did I document any justification as to the legitimate medical purpose for distributing the controlled substance. For these reasons, this distribution was not within the bounds of professional medical practice or for a legitimate medical purpose.

While the B.N. identified in each prescription described above was the same person, B.N.'s last name was spelled differently on the second prescription and a different date of birth was listed. Additionally, each prescription was filled at a different pharmacy, contrary to the terms of the pain contract I required my patients to sign.

Stipulated and agreed to:

_Samer nasher_            8/11/19
Muhammed Samer Nasher-Alneam, M.D.    Date
Defendant

_[signature]_            8/12/19
Isaac Forman    Date
Counsel for Defendant

_[signature]_            8/12/19
Michael Hissam    Date
Counsel for Defendant

_[signature]_            08/21/19
Alan G. McGonigal    Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
3